Lisa S. Kantor, Esq., SBN 110678
e-mail: lkantor@kantorlaw.net
Elizabeth K. Green, Esq., SBN 199634
e-mail: egreen@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
Jacqueline A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE A., <br><br> Plaintiff, <br><br> v. <br><br> MOTION PICTURE INDUSTRY HEALTH PLAN; OPTUMHEALTH BEHAVIORAL SOLUTIONS OF CALIFORNIA, INC., <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR:** <br><br> **BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; PENALTIES; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, JACQUELINE A., herein sets forth the allegations of her Complaint against Defendants MOTION PICTURE INDUSTRY HEALTH PLAN and OPTUMHEALTH BEHAVIORAL SOLUTIONS OF CALIFORNIA, INC.

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post judgment interest, and attorneys' fees and costs.

2. Plaintiff, JACQUELINE A., is a resident of Los Angeles, California and at all times relevant was a resident in the Los Angeles County, California. Therefore, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

3. Plaintiff is informed and believes that Defendant MOTION PICTURE INDUSTRY HEALTH PLAN ("MPIHA") has its principal place of business in Los Angeles, is authorized to transact and is transacting business in this judicial district, the Central District of California, and can be found in the Central District of California.

4. Plaintiff was at all relevant times a covered participant under an employee group health benefit plan (the "Plan") sponsored by the MPIHA and pursuant to which Plaintiff is entitled to health care benefits.

5. The Plan was self-funded by the MPIHA.

6. Plaintiff is informed and believes that Defendant OPTUMHEALTH BEHAVIORAL SOLUTIONS OF CALIFORNIA, INC. ("Optum") has its principal place of business in San Francisco, is authorized to transact and is transacting business in this judicial district, the Central District of California, and can be found in the Central District of California.

7. Optum administered claims and appeals under the Plan.

## FIRST CAUSE OF ACTION

## FOR DENIAL OF PLAN BENEFITS UNDER ERISA

8. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

9. Plaintiff is a 50-year old woman who has a history of mental illness, including an eating disorder, depression, and substance abuse.

### Center for Hope of the Sierras

10. On July 16, 2014, Plaintiff admitted to residential treatment at Center for Hope of the Sierras ("Center for Hope"), a treatment center specializing in patients with eating disorders.

11. On July 25, 2014, Optum denied benefits for Plaintiff's residential treatment on the basis that it was not medically necessary.

12. Plaintiff required residential treatment due to the severity of her eating disorder. Plaintiff was consumed with fear of weight gain and thoughts about needing to eat perfectly according to her disordered eating rules and thoughts. Plaintiff was focused on disordered thinking which was reflected in statements such as "I am getting fatter just being here" and "every staff member is fat here." She also refused to complete almost every meal despite staff supervision and support during meals. Plaintiff expressed intense hopelessness about her ability to change or reengage in her life. She had a severely distorted body image and strived for a low body weight.

13. Center for Hope requested an expedited appeal on Plaintiff's behalf.

14. On July 29, 2014, Optum denied the expedited appeal.

15. Plaintiff continued to receive residential treatment and incurred the cost of treatment.

16. On September 21, 2014, Plaintiff discharged from residential treatment to a lower level of care.

17. On September 22, 2014, Plaintiff was admitted to partial hospitalization at Center for Hope.

18. Optum initially approved benefits for Plaintiff's partial hospitalization.

19. On October 3, 2014, Optum denied further benefits for Plaintiff's residential treatment on the basis that it was no longer medically necessary.

20. Center for Hope requested an expedited appeal on Plaintiff's behalf.

21. Plaintiff continued to require partial hospitalization due to her ongoing depression and eating disorder behaviors. Plaintiff was angry, disengaged, agitated, uncooperative, argumentative, ambivalent, and anxious. She had difficulty eating meals. She had eating disorder behaviors at meals within the program such as scraping spread off food, overportioning, eating too fast, and urges to binge. Plaintiff had multiple emotional outbursts at other patients and staff and had difficulty with emotion regulation. In the evenings, Plaintiff was not in the program and she engaged in binging. Plaintiff reported obsessively thinking about food all day every day.

22. On October 3, 2014, Optum denied the expedited appeal.

23. Plaintiff continued to receive partial hospitalization treatment and incurred the cost of treatment.

24. On October 30, 2014, Plaintiff discharged from Center for Hope.

## Valenta

25. On November 10, 2014, Plaintiff admitted to partial hospitalization treatment at Valenta, a treatment center specializing in patients with eating disorders, depression, and anxiety.

26. On November 13, 2014, Optum denied authorization as of November 10, 2014 for Plaintiff's partial hospitalization, claiming that it was not medically necessary.

27. Plaintiff continued to receive partial hospitalization treatment and incurred the cost of treatment.

28. On April 10, 2014, Plaintiff discharged from partial hospitalization.

29. On May 12, 2015, Plaintiff's counsel appealed the denial of benefits and provided treatment records. The records show that she engaged in recurrent episodes of restricting her caloric intake during the day and binge eating at night. Plaintiff binged five to seven times per week during which she felt "out of control" and like she "cannot stop eating." Additionally, Plaintiff admitted to crying often and uncontrollably, a loss of interest in activities, loss of concentration, extreme feelings of guilt and lethargy, feeling unable to cope with her emotions and that she has "no coping skills other than binge eating."

30. Optum failed to respond to Plaintiff's appeal.

31. On April 13, 2015, Plaintiff transitioned to intensive outpatient treatment at Valenta.

32. Optum initially approved benefits for Plaintiff's intensive outpatient treatment.

33. On April 28, 2015, Optum denied further benefits for Plaintiff's intensive outpatient treatment on the basis that it was no longer medically necessary.

34. Plaintiff continued to receive intensive outpatient treatment and incurred the cost of treatment.

35. On November 23, 2015, Plaintiff discharged from intensive outpatient treatment.

36. On October 21, 2015, Plaintiff's counsel submitted a written appeal to Optum and stated that Plaintiff would supplement the appeal with her treatment records.

37. On November 5, 2015 and June 6, 2016, Plaintiff's counsel supplemented the appeal to Optum with treatment records.

38. Optum failed to respond to Plaintiff's appeal.

39. Defendants wrongfully denied Plaintiff's claims and authorization for treatment at Center for Hope and Valenta in the following respects, among others:

(a) Failure to authorize and pay for medical services rendered to Plaintiff as required by the Plan at a time when Defendants knew Plaintiff was entitled to such benefits under the terms of the Plan;

(b) Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan, in relation to the applicable facts and plan provisions, for the denial of Plaintiff's claims for medical benefits;

(c) After Plaintiff's claims were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect her claim along with an explanation of why such material is or was necessary;

(d) Failure to properly and adequately investigate the merits of Plaintiff's medical claims and/or provide alternative and medically appropriate courses of treatment;

(e) Failure to provide Plaintiff with a full and fair review pursuant to 29 C.F.R.§ 2560.501-1 (h)(3)(iii) by failing to consult with health care professionals who have appropriate training and experience in the field of medicine involved in the medical judgment; and

(f)     Failure to thoroughly and independently evaluate both Plaintiff and her medical records prior to issuing their denials of Plaintiff's claim and her appeal.

40.    Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied Plaintiff's claims for medical benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

41.    Following the denial of the claims for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on her part to be performed.

42.    As a proximate result of the denial of medical benefits due Plaintiff, Plaintiff has been damaged in the amount of all of the medical bills incurred for her treatment, in a total sum to be proven at the time of trial.

43.    As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

44.    Due to the wrongful conduct of Defendants, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her rights to future benefits under the terms of the Plan.

## SECOND CAUSE OF ACTION
## FOR EQUITABLE RELIEF

45.    Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

46.    As a direct and proximate result of the failure of the Defendants to pay claims for medical benefits, and the resulting injuries and damages sustained by

Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

    (a)    Restitution of all past benefits due to Plaintiff, plus prejudgment and post-judgment interest at the lawful rate; and

    (b)    Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff under the Plan.

### REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. Payment of health care benefits due to Plaintiff under the Plan;
2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;
3. Payment of prejudgment and post judgment interest as allowed for under ERISA; and
4. For such other and further relief as the Court deems just and proper.

DATED: June 12, 2017                                  KANTOR & KANTOR, LLP

BY:   */s/ Elizabeth K. Green*
        Elizabeth K. Green
        Attorneys for Plaintiff,
        Jacqueline A.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525