**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACQUELINE A., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MOTION PICTURE INDUSTRY HEALTH PLAN; OPTUMHEALTH BEHAVIORAL SOLUTIONS OF CALIFORNIA, INC., <br><br> Defendants-Appellees. | No.  18-56187 <br><br> D.C. No. <br> 2:17-cv-04333-JAK-JEM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted November 7, 2019
Pasadena, California

Before: MURGUIA and HURWITZ, Circuit Judges, and ZOUHARY,[**] District Judge.

After being denied coverage for several mental health treatment claims, Jacqueline A. brought this action against the Motion Picture Industry Health Plan

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

(the "Plan"), a plan governed by the Employee Retirement Income Security Act, and OptumHealth Behavioral Solutions of California, Inc., the Plan claims administrator. The district court held a bench trial and entered judgment in favor of the Plan and Optum.[1]

1. The district court correctly reviewed the Plan's decisions for abuse of discretion. The Plan documents provided the Plan's directors with full discretion to make eligibility determinations, and the authority to make final and binding interpretations of plan provisions. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc) ("[W]e have repeatedly held that similar plan wording—granting the power to interpret plan terms and to make final benefits determinations—confers discretion on the plan administrator."). Because the Plan allowed the directors to delegate benefits administration, and that power was formally delegated to Optum, the administrator's determinations are also subject to abuse of discretion review. *See Madden v. ITT Long Term Disability Plan for Salaried Emps.*, 914 F.2d 1279, 1283–85 (9th Cir. 1990).

2. We review for abuse of discretion despite Optum's untimely decision on two of Jacqueline's initial appeals. The district court remanded the two appeals

---

[1] Optum, as a plan administrator, was properly named as a defendant. The denials for each request for benefits at issue in this case came from Optum. *See Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1297 (9th Cir. 2014) (holding that an ERISA plan administrator can be liable if it "cause[s] improper denial of benefits") (citing 29 U.S.C. § 1132(a)(1)(B)).

to Optum for a decision on the merits. On remand, Optum considered supplemental materials submitted by Jacqueline, and exercised its discretion in deciding the appeals on the merits. *See LaMantia v. Voluntary Plan Adm'rs, Inc.*, 401 F.3d 1114, 1123–24 (9th Cir. 2005).

      3.     The denials of coverage were not an abuse of discretion. The reasons provided by Optum's reviewing physicians were not "illogical" and were "drawn from the facts in the record." *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). And, Optum always authorized treatment, albeit at a less intensive level of care than Jacqueline sought. *See Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 929 (9th Cir. 2012) ("Under this deferential standard, a plan administrator's decision 'will not be disturbed if reasonable.'") (quoting *Conkright v. Frommert*, 559 U.S. 506, 521 (2010)).

**AFFIRMED.**